UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| CHRISTOPHER MCDONALD, : | |
| Plaintiff, : | |
| : | |
| v. : | C.A. No. 15-326ML |
| : | |
| CAROLYN W. COLVIN, ACTING : | |
| COMMISSIONER OF SOCIAL SECURITY, : | |
| Defendant. : | |

**REPORT AND RECOMMENDATION**

Patricia A. Sullivan, United States Magistrate Judge

    This matter is before the Court on Plaintiff Christopher McDonald's motion to proceed *in forma pauperis* ("IFP") (ECF No. 3), which was referred to me on August 26, 2015. Because I conclude that the motion should be denied, I address it by report and recommendation. Janneh v. Johnson & Wales Univ., No. CA 11-352 ML, 2011 WL 4597510, at *1 (D.R.I. Sept. 12, 2011) (denial of a motion to proceed *in forma pauperis* is the functional equivalent of an involuntary dismissal and magistrate judge should issue report and recommendation for final decision by district court).

    Section 1915 permits persons otherwise unable to access the courts to proceed without paying such costs as the filing fee and service, which instead are defrayed at public expense. 28 U.S.C. § 1915(a). As Justice Hugo Black, speaking for a unanimous Supreme Court many years ago, made clear:

> We cannot agree with the court below that one must be absolutely destitute to enjoy the benefit of the statute . . . . To say that no persons are entitled to the statute's benefits until they have sworn to contribute to payment of costs, the last dollar they have or can get, and thus make themselves and their dependents wholly destitute, would be to construe the statute in a way that would throw its beneficiaries into the category of public charges. The public would not be profited if relieved of paying costs of a particular litigation only to have imposed

> on it the expense of supporting the person thereby made an object of public support. Nor does the result seem more desirable if the effect of this statutory interpretation is to force a litigant to abandon what may be a meritorious claim in order to spare himself complete destitution.

Adkins v. E. I. DuPont deNemours & Co., 335 U.S. 331, 339-40 (1948). Nevertheless, the First Circuit has bluntly emphasized that even a plaintiff of small means should be asked to "'put his money where his mouth is,' it being all too easy to file suits, even with sufficient pro forma allegations, if it costs nothing whatever to do so." In re Stump, 449 F.2d 1297, 1298 (1st Cir. 1971) (per curiam). Thus, in evaluating the merits of an IFP motion, this Court must "hold the balance steady and true as between fairness to the putatively indigent suitor and fairness to the society which ultimately foots the bill." Temple v. Ellerthorpe, 586 F. Supp. 848, 850 (D.R.I. 1984) (Selya, J.).

Plaintiff's IFP affidavit, read together with the supporting addendum, does not present an applicant whose poverty is such as to outweigh the "fairness to the society which ultimately foots the bill," as is necessary for eligibility to proceed IFP. Rather, it describes a Plaintiff who is currently employed at the Rhode Island Blood Center, earning approximately $600 per week; his wife is also employed and contributes to the household bills. In total, their monthly income is $6200 while their monthly expenses (including his child support payments) amount to $4309. Thus, Plaintiff's household has excess income of $1891 every month from which the $400 federal filing fee and service could be paid. Based on that fact alone, Plaintiff does not qualify for IFP status.

It must be noted that, even if Plaintiff's household income did not exceed monthly expenses by a margin sufficient to pay the filing fee and cost of service, Plaintiff's affidavit contains other references as to which more information would be required before this Court would be satisfied that the "balance steady and true" tips in favor of the filing fee and cost of

service being paid by the society, rather than by Plaintiff.  For example, he states that he owns a home worth approximately $159,000, but does not indicate the amount of the total mortgage, so the Court cannot ascertain whether there is equity from which the filing fee and cost of service might be paid.  Similarly, the Court reviews with skepticism Plaintiff's response to Question 5 that he has no checking or savings accounts; this seems unusual for a family with monthly income of $6200, or $74,400 per year.  ECF No. 3-1 at 2-3.  In short, if the income were not more than adequate to pay the filing fee and cost of service, this Court would still pause and likely request more information before finding him eligible for IFP status; in light of his household income, his ineligibility is plain.

For the foregoing reasons, I recommend that Plaintiff's Motion to Proceed *in Forma Pauperis* (ECF No. 3) be DENIED and that he be ordered to pay the filing fee within thirty days of the adoption of this report and recommendation.  If he does not pay the filing fee within that time period, I recommend that the case be dismissed.  Any objection to this report and recommendation must be specific and must be served and filed with the Clerk of the Court within fourteen (14) days after its service on the objecting party.  See Fed. R. Civ. P. 72(b)(2); DRI LR Cv 72(d).  Failure to file specific objections in a timely manner constitutes waiver of the right to review by the district judge and the right to appeal the Court's decision.  See United States v. Lugo Guerrero, 524 F.3d 5, 14 (1st Cir. 2008); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603, 605 (1st Cir. 1980).

/s/ Patricia A. Sullivan
PATRICIA A. SULLIVAN
United States Magistrate Judge
August 27, 2015